# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1265 | **DATE** | 3/8/2013 |
| **CASE TITLE** | Christopher Gilmore (#2012-0807105) vs. Michael Sheenen, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed in forma pauperis [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues the Defendants for mislabeling his prior criminal conviction as a sex crime, and for requiring him to register as a sex offender.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought in forma pauperis at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

To the extent that the plaintiff is attempting to raise a "due process" claim, the basis is not sufficiently pled. The plaintiff's claim cannot be based an allegation that he had a right to a procedural due process hearing before being required to register as a sex offender, a similar claim was considered and explicitly rejected by the United States Supreme Court. *See Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1, 507 (2003); *see also In re: Phillip C.*, 354 Ill. App. 3d 822, 831-32 (2006).

Furthermore, it appears that the plaintiff also cannot state a claim related to he being required to register on the sex offender registry instead of the violence against youth registry: Prior to the creation of the Child Murder and Violent Offender Against Youth Registration Act (Violent Offender Act"), 730 ILCS 154 et seq., that created the violence against youth registry, individuals convicted of certain crimes that were not sexually motivated were required to register on the sex offender registry. See 150 ILCS 150 et seq. (2004); *see also People v. Johnson*, 225 Ill. 2d 573, 591 (2007) (finding that requiring a defendant convicted of aggravated kidnaping of a minor by a nonparent, although not sexually motivated, to register as a sex offender, did not violate the defendant's due process rights).

The plaintiff has failed to state a claim upon which relief can granted for violation of his right to due process. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief). Accordingly, this suit is dismissed for failure to state a claim on which relief may be granted.

To the extent that the plaintiff's claim is that he was falsely arrested and convicted of a sex crime, the Court cannot, in the context of a civil rights action, entertain the plaintiff's claim that he was "falsely convicted." "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. A finding that the plaintiff was wrongfully convicted would, of course, call into question the propriety of that conviction.

If the plaintiff seeks federal review of his conviction for first degree attempted murder with intent to kill, he must file a petition for a writ of habeas corpus, and only after exhausting state court remedies. See 28 U.S.C. § 2254. The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

The plaintiff's claim that he should not have to register as a sex offender likewise lies by way of habeas. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004), *citing Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). "If the prisoner is seeking what can be fairly described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation," then his only remedy is habeas corpus. *Glaus v. Anderson*, 408 F.3d 382, 386-387 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Again, a finding that the plaintiff's convictions do not qualify as sex crimes would be tantamount to a ruling that the plaintiff need not register and report as a sex offender. As such, the plaintiff's only course for relief in federal court is to file a habeas corpus action.

The plaintiff also sues the State of Illinois for damages, arguing that he has been defamed by being labeled a sex offender. However, because a person does not have a liberty or property interest in his reputation, defamation is not actionable under 42 U.S.C. § 1983. *See Spencer v. Kemna*, 523 U.S. 1, 25 n.4, 118 S. Ct. 978, 140 L. Ed. 2d 43, *citing Paul v. Davis*, 424 U.S. 693, 712, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Defamation alone, even by a state actor, does not amount to a constitutional violation. *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010), *citing Paul*; *see also Bowens v. Quinn*, 561 F.3d 671, 675 (7th Cir. 2009) ("[T]hough having a criminal record does reduce a person's job opportunities by impairing his reputation for good character, reputation is not a property or liberty interest within the meaning of the due process clauses of the federal Constitution").

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice to pursuing any type of relief that may be available in state court or by way of habeas corpus. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals

| STATEMENT |
|---|
| dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).<br><br>      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike." |